UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ESTATE OF ANGELA NICOLE
LAWSON, BY DEBORAH FINK,
ADMINISTRATRIX,

        Plaintiff,

        v.                Case No. C-1-07-927

CITY OF HAMILTON,
OHIO, et al.,

        Defendants.

## ORDER

This matter is before the Court on Plaintiff's Motion to Vacate Stay Order (doc. 53), Reinstate this Case to the Court's Active Docket, and Preserve the Date for Submission of the Joint Final Pretrial Order and the Trial Date (doc. 51). Doc. 54. Defendants Jeffrey W. Sandlin and Carole A. Walters oppose the motion. Doc. 55. In addition to filing the present motion in this Court, plaintiff has apparently filed with the Sixth Circuit a motion to dismiss defendants' appeal. *See* Doc. 56, Exh. A.

On May 21, 2009, this Court denied defendants Sandlin and Walters' motion for summary judgment on qualified immunity grounds on plaintiff's claims brought under the Fourteenth Amendment. Doc. 50. These defendants subsequently filed a Notice of Appeal to the United States Court of Appeals for the Sixth Circuit challenging this Court's denial of their motion "on the grounds of qualified immunity." Doc. 52. This Court then entered an Order

1

staying and administratively terminating the case "pending disposition by the United States Court of Appeals." Doc. 53.

Plaintiff claims that the record does not support appellate jurisdiction because this Court's denial of qualified immunity was based upon genuine issues of material fact as opposed to issues of law. She argues that this Court should therefore certify the appeal as frivolous, vacate the administrative stay, and reinstate the case to the Court's active docket. She contends that both the United States Supreme Court and the Sixth Circuit, as well as other federal courts, have approved the practice of the district court certifying an appeal as frivolous and retaining jurisdiction of the case. *See Behrens v. Peltier*, 516 U.S. 299, 310-11 (1996); *Yates v. Cleveland*, 941 F.2d 444, 448-49 (6th Cir. 1991).[1]

"As a general rule the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals." *City of Cookeville, Tenn. v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 394 (6th Cir. 2007). The authorities plaintiff cites do not create an exception to the general rule under the circumstances presented and do not permit this Court to interfere with the appeal that is currently pending before the Sixth Circuit. Rather, the proper course is for plaintiff to seek the relief she desires from the Court of Appeals, which has jurisdiction over the case at this time.

---

[1]Plaintiff provides a citation for "*Yates v. Wright*, 960 F.2d 444, 448-449 (6th Cir. 1991)," but this is an incorrect citation. *Yates v. Cleveland* is the Sixth Circuit case cited in *Behrens*, and this is obviously the case plaintiff intended to cite.

For these reasons, plaintiff's motion is **DENIED**.

**IT IS SO ORDERED**.

                                              S/ Herman J. Weber
                                              HERMAN J. WEBER, SENIOR JUDGE
                                               UNITED STATES DISTRICT COURT